IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   19-cv-01046-PAB-KLM

FRANKY L. SESSION,

      Plaintiff,

v.

MATTHEW WARGO, Correctional Lieutenant,
TREVIS MARLAR, Correctional Lieutenant,
ERIC MITCHELL, Correctional Lieutenant,
ANNE M. BARNETT, Correctional Sergeant,
WADE KELLY, Correctional Officer, and
ANTONIO BARRETT, Correctional Officer,
JANE DOE 1, Correctional Nurse,
JANE DOE 2, Correctional Nurse,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Correctional Officer,
JOHN DOE 3, Correctional Officer, and
JOHN DOE 4, Correctional Officer,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Plaintiff's**

**Revised Third Amended Complaint [Doc No. 17] Pursuant to Fed. R. Civ. P. 12(B)(1)**

**and (6)** [#67][1] (the "Motion").   Plaintiff, who proceeds as a pro se litigant,[2] filed two

---

[1]   [#67] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).   This convention is used throughout this Recommendation.

[2]   The Court must construe liberally the filings of pro se litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   In doing so, the Court should not be the pro se litigant's advocate,

Responses [#83, #89] in opposition to the Motion [#67], one Response [#83] addressing Defendants' arguments as to Claims 7B-11,[3] and a second Response [#89] addressing Defendants' arguments as to Claims 5-8A.   Defendants filed a single Reply [#107]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#67] has been referred to the undersigned for a recommendation regarding disposition.   *See* [#68].   The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.   For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#67] be **GRANTED**.

## I. Background[4]

All Defendants worked at the Limon Correctional Facility ("LCF") of the Colorado Department of Corrections ("CDOC") at the time when Plaintiff asserts he was incarcerated there and involved in three separate incidents where he was subjected to excessive force in violation of the Eighth Amendment.   *Rev. Third Am. Compl.* [#17] at 1.

The first incident occurred on April 26, 2017, when Plaintiff was transported by

---

nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."   *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).   In addition, a pro se litigant must follow the same procedural rules that govern other litigants.   *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3]   Plaintiff misnumbered some of the claims in the complaint, with two claims labeled as Claim 7 and two claims labeled as Claim 8.   *See Rev. Third Am. Compl.* [#17] at 16-26.   The Court refers to the first Claim 7 as 7A and the second Claim 7 as 7B, and likewise with the two Claim 8s.

[4]   All well-pled facts from the Revised Third Amended Complaint [#17] are accepted as true and viewed in the light most favorable to the Plaintiff as the nonmovant.   *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

medical gurney from the LCF medical clinic to his cell by Defendants Jane Does 1 and 2 and John Does 1 and 2. *Id.* at 5. Plaintiff alleges that, on arrival at his cell, these four Defendants ordered Plaintiff to sit up and walk into his cell, to which Plaintiff replied that he was physically incapable of complying. *Id.* at 6. Defendant John Doe 1 then raised Plaintiff into an upright seated position and carried Plaintiff into his cell, depositing him into his cell bunk, while the other three watched and failed to intervene. *Id.*

As to the second incident, which occurred on May 3, 2017, Plaintiff alleges that Defendant Trevis Marlar ("Marlar") did not allow him to use a wheelchair during transport from his cell to a LCF conference room, causing Plaintiff to lower himself onto the cell floor and "drag his body over 30 feet" to the conference room. *Id.* at 11. Plaintiff contends that Defendants Marlar, Eric Mitchell ("Mitchell"), Anne M. Barnett ("Barnett"), and Defendant John Doe 3 ignored his request for help. *Id.*

The third incident occurred on May 26, 2017, during which Defendants Wade Kelly ("Kelly"), Antonio Barrett ("Barrett"), and John Doe 4 transferred Plaintiff from his wheelchair to a CDOC security chair and transported him to his cell. *Id.* at 18, 25.

Plaintiff alleges that he sustained injuries from the three incidents, aggravating his healing incisional hernia to the point of requiring reparative surgery and dislocating his left knee so that Plaintiff "was unable to apply pressure on, fully extend, or bend" it. *Id.* at 18-19.

On April 8, 2019, Plaintiff brought this § 1983 action, contending that Defendants' conduct constituted excessive force or failure to prevent the use of excessive force in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

–3–

*Id.* at 27-29.   Claims 1 through 4 relate to the April 26, 2017 incident and are asserted against Defendants Jane Does 1 and 2 and John Does 1 and 2.   *Id.* at 5-9.   Claims 5 through 8A relate to the May 3, 2017 incident.   *Id.* at 11-15.   Claim 5 asserts that Defendant Marlar used excessive force in violation of the Eighth and Fourteenth Amendments.   *Id.* at 11.   Claims 6, 7A, and 8A assert that Defendants Mitchell, Barnett, and Defendant John Doe 3, respectively, failed to intervene to prevent the use of excessive force by Defendant Marlar against Plaintiff.   *Id.* at 12-15.   Claims 7B through 11 relate to the May 26, 2017 incident.   *Id.* at 16-26.   Claims 7B and 8B assert that Defendants Kelly and Barrett, respectively, used excessive force in violation of the Eighth and Fourteenth Amendments.   *Id.* at 16-19.   Claims 9 through 11 assert that Defendants Matthew Wargo ("Wargo"), Barnett, and Defendant John Doe 4 failed to intervene to prevent the use of excessive force by Defendant Kelly against Plaintiff.   *Id.* at 22-26. Plaintiff seeks declaratory relief and compensatory, consequential, punitive, and nominal damages.   *Id.* at 27-29.

In the present Motion [#67], Defendants[5] contend that (1) Claims 7B through 10 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because Plaintiff failed to exhaust all administrative remedies prior to filing this suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e); (2) Claims 5 through 7A should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff failed to state a claim on which relief may be granted; and (3) Claims 5 through 11 should be dismissed, because

---

[5]   The named Defendants do not address the claims asserted against Jane Does 1-2 and John Does 1-4, because those six Defendants have yet to be identified or served.

Defendants are entitled to qualified immunity.[6]   *Motion* [#67] at 3, 14-15.

## II.   Standard of Review

### A.   Fed. R. Civ. P. 12(b)(1)

Defendants seek dismissal of Claims 7B through 10 pursuant to Fed. R. Civ. P. 12(b)(1) based on Plaintiff's purported failure to exhaust his administrative remedies. *Motion* [#67] at 3 (stating that these claims "should be dismissed pursuant to Rule 12(b)(1) because Plaintiff failed to exhaust his administrative remedies").   Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it.   Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.   *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1).   Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.   *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).   "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.*   (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

However, the Tenth Circuit has held that "a motion under Fed. R. Civ. P. 12(b)(1) is not an appropriate avenue for questioning an inmate's exhaustion of administrative

---

[6]   Defendants also seek dismissal of all claims for damages brought against them because "Plaintiff's Complaint names Defendants in their official capacities," arguing that damages are barred by the Eleventh Amendment.   *Motion* [#67] at 14-15.   Indeed, pursuant to the Eleventh Amendment, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities.   *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).   Eleventh Amendment immunity bars claims against individuals sued in their official capacities "for money damages and relief for prior acts."   *See Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 781 (10th Cir. 2008). However, Defendants misconstrue the complaint, because Plaintiff explicitly names Defendants only in their individual, not official, capacities.   *See Rev. Third Am. Compl.* [#17] at 1-5.   Because Plaintiff names Defendants in their individual capacities only, Defendants' argument as to Eleventh Amendment immunity is moot, and the Court need not further address it.

remedies.   Rule 12(b)(1) is designed for challenges to the court's subject-matter jurisdiction . . . it does not apply to issues of exhaustion under PLRA."   *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).   Thus, § 1997(e) is not jurisdictional.   *Id.* at 1208. Consequently, Defendants' motion to dismiss Claims 7B through 10 for failure to exhaust is properly analyzed pursuant to Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1), despite Defendants' statement to the contrary.   *See, e.g.*, *Barron v. Colo. Dep't of Corr.*, No. 12-cv-02278-PAB-CBS, 2013 WL 5418288, at *5 (D. Colo. Sept. 27, 2013) (accepting the Magistrate Judge's recommendation that the action be "dismissed without prejudice pursuant to Fed. R. Civ P. 12(b)(6) for failure to state a claim to which relief can be granted based on failure to exhaust the required administrative grievance procedures"); *Scriven v. Corby*, No. 5:20-CV-03110-JAR-KGG, 2021 WL 2222682, at *1 (D. Kan. June 2, 2021); *see also Lopez v. Shrader*, No. 19-cv-01754-WJM-NYW, 2020 WL 6119539, at *6 (D. Colo. July 15, 2020).[7]

## B.   Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."   *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted.").   "The court's function on a Rule 12(b)(6) motion is

---

[7]   Ultimately, as discussed below, the Court recommends dismissal of Plaintiff's claims on other Rule 12(b)(6) grounds and therefore does not address Defendants' argument as to exhaustion under Rule 12(b)(6).

not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).   To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.   Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.4d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).   *Iqbal*, 556 U.S.

at 679 (second brackets added; citation and internal quotation marks omitted).

### III.   Analysis

#### A.   Fourteenth Amendment

Plaintiff's claims stem from alleged use of excessive force and failure to prevent the use of excessive force during his incarceration at LCF.   The Tenth Circuit has provided guidance about which Constitutional amendments apply to which excessive force claims.   *See Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010).   Excessive force claims may be maintained only under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.   *Id.* at 1325.   "The choice of amendment matters [on] [e]xcessive force claims . . . .   [E]ach [amendment] carries with it a very different legal test."   *Id.*

The appropriate amendment and accompanying legal test depends "on where the defendant finds himself in the criminal justice system."   *Id.*   The Fourth Amendment applies to incidents "leading up to and including an arrest of a citizen previously at liberty."   *Id.*   The Fourth Amendment's "protections also persist to impose restrictions on the treatment of the arrestee detained without a warrant," until the detainee is charged or arraigned.   *Austin v. Hamilton*, 945 F.2d 1155, 1160 (10th Cir. 1991), abrogated on other grounds, *Johnson v. Jones*, 515 U.S. 304 (1995).   The Fifth or Fourteenth Amendments apply to the period between initial seizure and post-conviction punishment.   *Porro*, 624 F.3d at 1326.   The Eighth Amendment applies to "prisoners already convicted of a crime who claim that their punishments involve excessive force . . . ."   *Id.* at 1325-26.

Plaintiff is incarcerated by CDOC and is a prisoner "already convicted of a crime."

*See id.*  He asserts all of his claims, however, under both the Fourteenth Amendment and the Eighth Amendment.   The allegations regarding Plaintiff's Fourteenth Amendment claims duplicate the facts alleged in connection with his Eighth Amendment claims.   The events giving rise to all of Plaintiff's claims occurred after his arrest and after conviction.   *See Rev. Third Am. Complaint* [#17] at 1.   Therefore, the appropriate excessive force analysis is pursuant to the Eighth Amendment, and only the Eighth Amendment.   *See Porro*, 624 F.3d at 1325-26.   Thus, Plaintiff has failed to state any Fourteenth Amendment claims.

Accordingly, the Court **recommends** that Plaintiff's Claims 5 through 11 be **dismissed with prejudice** to the extent they are asserted under the Fourteenth Amendment.   *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").

## B.   Eighth Amendment

### 1.   Monetary Relief

To the extent that Plaintiff seeks monetary relief, Defendants assert that they are entitled to qualified immunity on Plaintiff's claims against them.   *Motion* [#67] at 13-14. Qualified immunity, in certain circumstances, protects government officials from litigation when they are sued in their individual capacities.   *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982).   A government official is entitled to qualified immunity from liability for civil damages in his individual capacity when his allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly

established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position.   *Id.* at 818 (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if either inquiry reviewed in any order results in a negative conclusion, no further analysis need be undertaken and qualified immunity is appropriate).   The Supreme Court has stated that "[f]or executive officials in general . . . our cases make plain that qualified immunity represents the norm."   *Harlow*, 457 U.S. at 807.   Thus, a government official is entitled to qualified immunity in "[a]ll but the most exceptional cases."   *Harris v. Bd. of Educ. of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

### a.    Excessive Force Relating to the May 3, 2017 Incident

Claims 5, 6, and 7A relate to the incident on May 3, 2017.   *Rev. Third Am. Compl.* [#17] at 11-14.   Claim 5 asserts the use of excessive force by Defendant Marlar against Plaintiff in violation of the Eighth Amendment.   *Id.* at 11.   Claims 6 and 7A allege that Defendants Mitchell and Barnett, respectively, failed to intervene or prevent the use of excessive force against Plaintiff, also in violation of the Eighth Amendment.   *Id.* at 12-14.

Plaintiff alleges that Defendants came into his cell to inform him that Plaintiff needed to go to the Unit 2 conference room for a disciplinary hearing.   *Id.* at 11. Defendants informed him that "medical" told all officers that Plaintiff's wheelchair was "for long distances only" and therefore Plaintiff would not be allowed to use his wheelchair for

transport.  *Id.*  Plaintiff informed Defendants that "he suffered from a failed large incisional hernia surgery with complications of continuous severe debilitating abdominal pains, dizziness, [and] bleeding which hinders his ability to walk, stand, or sit straight-up." *Id.*  When Defendant Marlar informed Plaintiff that "they would be waiting on him in the Unit 2 conference room[,]" Plaintiff alleges he had "no other choice" but to "lower[ ] himself to the cell[ ] floor, slowly roll[ ]-over onto his stomach, [and] painfully drag[ ] his body more than 30 feet from his cell 108, through Unit 2 rotunda, and to Unit 2 conference room[,]" which Plaintiff asserts constitutes excessive force.  *Id.*

Defendants contend that Plaintiff's claims relating to the May 3, 2017 incident fail under the first prong of the qualified immunity analysis, because "declining to provide Plaintiff with a wheelchair after being instructed by medical staff that Plaintiff only requires one for long distances" is not a violation of the Eighth Amendment.  *Motion* [#67] at 14. In addition, Defendants aver that Plaintiff's claims for excessive use of force "fail because Plaintiff did not allege that [Defendants] Marlar, Mitchell[,] or Barnett applied any physical force upon him."  *Id.* at 8.

In short, as discussed below, the Court agrees with Defendants' argument. Plaintiff fails to sufficiently allege that these Defendants used excessive force against him in violation of the Eighth Amendment because Plaintiff merely alleges that he was prescribed a wheelchair for transportation over long distances, he was denied use of a wheelchair for a distance of only about 30 feet, and he does not allege that any Defendant engaged in physical contact with him.  *Rev. Third Am. Compl.* [#17] at 11-15.

A plaintiff asserting an excessive force claim arising out of the Eighth Amendment

must show that (1) the alleged wrongdoing was objectively harmful enough to establish a constitutional violation; and (2) the defendants acted with a sufficiently culpable state of mind. *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018). In support of his argument that Defendants are not entitled to qualified immunity, Plaintiff directs the Court's attention to numerous cases (although, notably, none from the Tenth Circuit) with allegations/facts which do not parallel the circumstances of his case, and more importantly, which are unrelated to an excessive force cause of action. The Court addresses each in turn.

In *Rosales v. Coughlin*, 10 F. Supp. 2d 261, 269 (W.D.N.Y. 1998), a prisoner's deliberate indifference to medical needs claim survived summary judgment where a prison official took away the plaintiff's medically issued cane to purposely cause him to fall and subjected plaintiff to taunts and obscene remarks. The court broadly held that "seizing a prescribed cane or other medical equipment [ ] can give rise to an Eighth Amendment violation" in the context of a deliberate indifference to medical needs cause of action. *Id.* Such behavior is not alleged here, and, further, not only is there no assertion here that Defendants were acting in opposition to a medical prescription, but Plaintiff does not assert a deliberate indifference to medical needs Eighth Amendment claim.[8]

---

[8] The Court is aware that Plaintiff's claims may be better classified as claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The Court is also aware that the Court must liberally construe filings by a pro se litigant. *See Haines*, 404 U.S. at 520-21. However, Plaintiff is an experienced pro se litigant who has filed a number of lawsuits concerning his civil rights in the District of Colorado, including cases where he has made claims for deliberate indifference to his serious medical needs. *See, e.g.*, *Session v. Reed*, No. 19-cv-03161-PAB-KLM, 2021 WL 2514656, at *2 (D. Colo. June 18, 2021). Thus, it is clear that Plaintiff

Another case cited by Plaintiff, *Ruiz v. Estelle*, 503 F. Supp. 1265 (S.D. Tex. 1980), involved overcrowding, health care, and condition-of-confinement causes of action, not excessive force.   In *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004), the Court of Appeals for the Eleventh Circuit examined Eighth Amendment conditions of confinement and deliberate indifference to medical needs claims relating to a wheelchair-bound paraplegic prisoner.   In *Hemmings v. Gorczyk*, 134 F.3d 104 (2d Cir. 1998), the Court of Appeals for the Second Circuit examined a deliberate indifference to medical needs claim brought by a prisoner with a ruptured Achilles tendon whose cane was maliciously taken from him and who was further denied surgery and additional medical treatment for three months. In *Lavender v. Lampert*, 242 F. Supp. 821 (D. Or. 2002), a plaintiff who suffered partial spastic paralysis from a gunshot wound, resulting in clawed toes and leg pain, was denied a wheelchair, adequate footwear, and suitable pain medication for months, and he subsequently filed a deliberate indifference to medical needs claim.   Finally, in *Cummings v. Roberts*, 628 F.2d 1065 (8th Cir. 1980), the plaintiff suffered a severe back injury and was denied hospital care, a wheelchair, and medical treatment recommended by the plaintiff's doctors.   The plaintiff asserted a deliberate indifference to medical needs Eighth Amendment cause of action.   No similar purposefully egregious conduct is alleged in Plaintiff's case here.   In short, Plaintiff does not provide adequate case law supporting his contention that the failure to allow use of a wheelchair under the

---

knows how to assert such a claim if he intends to do so.  Because he has not done so, and because he has explicitly only asserted excessive force claims in this lawsuit, the Court can only conclude that he consciously chose not to assert deliberate indifference claims here.   Thus, the Court does not reconstrue any of his allegations to mean anything other than the claims expressly stated.

circumstances of this case constitutes an excessive use of force in violation of the Eighth Amendment.

Plaintiff further points to several cases to support his argument that physical contact is not required to sufficiently allege an excessive force claim. *Response* [#89] at 9. Again, the Court finds that the cited legal authority does not support this contention. Plaintiff first quotes *Wilson v. Meeks*, 98 F.3d 1247, 1253 (10th Cir. 1996), for the proposition that "no bodily contact" is necessary for an excessive force claim. Plaintiff mistakes what the quoted language references, however; rather than an element of an excessive force claim, the quoted language instead refers to an element of an assault claim in the state of Kansas.

Plaintiff next references *Benefield v. McDowall*, 241 F.3d 1269, 1272 (10th Cir. 2001). However, *Benefield* involved an Eighth Amendment cause of action for a prisoner's right to be "protect[ed] . . . from violence at the hands of other prisoners." *Benefield*, 241 F.3d at 1270. In both *Hudson v. McMillian*, 503 U.S. 1, 6-8 (1992), and *Whitley v. Albers*, 475 U.S. 312, 321 (1986), the Supreme Court broadly restated the elements required for an excessive force claim but notably neither case holds that physical contact is not required to state such a claim.

Because Plaintiff does not allege that physical force was applied to him, Plaintiff's allegations do not meet either the objective or subjective prongs required to state an excessive force claim. See *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999) (stating that an excessive force claim involves an objective prong that asks whether the alleged wrongdoing was harmful and a subjective prong that asks whether force was

–14–

applied in good faith or to cause harm).   Therefore, the Court finds that, under the circumstances of this case, Plaintiff fails to state a claim under the Eighth Amendment to be free from excessive force in relation to being denied the use of a wheelchair on May 3, 2017.   Further, because Plaintiff does not satisfactorily allege a constitutional violation, the Court accordingly finds that Defendants Mitchell and Barnett did not have a duty to intervene.   Thus, because Plaintiff has not shown the violation of a constitutional right, these three Defendants are entitled to qualified immunity.

Accordingly, the Court **recommends** that the Motion [#67] be **granted** as to Claims 5, 6, and 7A to the extent that Plaintiff seeks monetary relief, and that these three claims be **dismissed with prejudice**.   *See Reynoldson*, 907 F.2d at 127.

### b.   Excessive Force Relating to the May 26, 2017 Incident

Claims 7B, 8B, 9, and 10 relate to the incident on May 26, 2017.   *Rev. Third Am. Compl.* [#17] at 16-25.   Claims 7B and 8B allege the use of excessive force by Defendants Kelly and Barrett, respectively, against Plaintiff in violation of the Eighth Amendment.   *Id.* at 16-19.   Claims 9 and 10 allege that Defendants Wargo and Barnett, respectively, failed to intervene or prevent the use of excessive force against Plaintiff, also in violation of the Eighth Amendment.   *Id.* at 22-24.

Defendants contend that Plaintiff's allegations do not establish a constitutional violation under the Eighth Amendment.   *Reply* [#107] at 9.   The Court agrees.   As previously noted, a plaintiff asserting an excessive force claim arising out of the Eighth Amendment must show that (1) the alleged wrongdoing was objectively harmful enough to establish a constitutional violation; and (2) defendants acted with a sufficiently culpable

–15–

state of mind.   *Redmond*, 882 F.3d at 936.   The objective component is "contextual and responsive to contemporary standards of decency."   *Hudson*, 503 U.S. at 5-6.   "[The] Eighth amendment [ ] protects against cruel and unusual force, not merely cruel and unusual force that results in sufficient injury."   *United States v. LaVallee*, 429 F.3d 670, 688 (10th Cir. 2006).   However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."   *Hudson*, 503 U.S. at 9.   "De minimis applications of force are necessarily excluded from the cruel and unusual punishment inquiry."   *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

Here, the Court agrees with Defendants' argument that the application of force allegedly utilized against Mr. Session is de minimis in an Eighth Amendment excessive force context.   *Reply* [#107] at 7.   In his Revised Third Amended Complaint, Plaintiff asserts that Defendants Kelly and Barrett placed Plaintiff in handcuffs and ordered him to stand.   *Rev. Third Am. Compl.* [#17] at 17.   When Plaintiff did not comply, Defendants Kelly and Barrett "shoved [their] hands underneath Mr. Session's [armpits]."   *Id.* Defendants Kelly and Barrett again ordered Plaintiff to stand, and when Plaintiff again did not comply, Defendants Kelly and Barrett lifted Plaintiff out of his wheelchair and transferred him to a CDOC security chair.   *Id.* at 18.   While Plaintiff was raised in the air, Defendant Barrett allegedly "forced the palm of [Plaintiff's] hand toward his forearm in a hyper-flexion position, within the handcuffs[.]"   *Id.* at 21.   Defendants Kelly and Barrett then transported Plaintiff to his cell, where they lifted him from the security chair and placed him in a plastic chair inside the cell.   *Id.* at 18.   Indeed, as Defendants point out, "moving Plaintiff from one chair to the other by lifting under his arms is by nature

cumbersome and awkward.   But it is not disputed that Plaintiff needed to return to his cell. . . .   [I]t was incumbent on the staff to physically move Plaintiff.   Applying handcuffs on Plaintiff when officers were placing hands on him to make the transfer was not excessive."   *Reply* [#107] at 8.

Plaintiff cites numerous cases to assert that the amount of force utilized by Defendants Kelly and Barrett against him meets the objective prong, contending that each case contains facts that are "nearly identical" to the present action.   *Response* [#83] at 11.   The Court addresses each in turn.

In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court found that the objective prong for an Eighth Amendment claim was satisfied where a prisoner alleged that he suffered a beating which cracked his partial dental plate and resulted in bruising and swelling of his face.   The Supreme Court noted that "the blows . . . are not *de minimis* for Eighth Amendment purposes.   The extent of Hudson's injuries thus provides no basis for dismissal of his § 1983 claim."   In *Whitley v. Albers*, 475 U.S. 312 (1986), the Supreme Court ruled that a prisoner, who was shot in the leg during a prison official's attempt to restore order during a prison riot, did not satisfactorily state an Eighth Amendment claim.   Plaintiff asserts that the conduct by Defendants in the present action is "even more egregious" than in *Hudson* and *Whitley*.   *Response* [#83] at 11.   However, physically transferring a prisoner who has failed to comply with a prison official's order from one chair to another is hardly as deplorable or harmful as a beating or gunshot. Here, Plaintiff disobeyed Defendants' direct orders to stand up, and therefore Defendants' use of force to physically lift Plaintiff from one chair to another was necessary for the

–17–

purpose of simply returning Plaintiff to his cell.   "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."   *Johnson v. Aucoin*, No 18-cv-00194, 2020 WL 5016912, at *4 (D. Colo. Aug. 24, 2020).

Lastly, Plaintiff cites *Farmer v. Brennan*, 511 U.S. 825 (1994), in which the Supreme Court adjudicated an Eighth Amendment conditions-of-confinement claim arising from the plaintiff's transfer from one prison to another.   The Court notes that *Farmer* addresses a different cause of action under the Eighth Amendment and is therefore distinguishable from the case at hand.

Finding that Plaintiff has not stated an "alleged wrongdoing [ ] objectively harmful enough to establish a constitutional violation," *Redmond*, 882 F.3d at 936, Plaintiff fails to adequately allege an Eighth Amendment excessive force claim.   Because Plaintiff has not shown the violation of a constitutional right, Defendants are entitled to qualified immunity.

Accordingly, the Court **recommends** that the Motion [#67] be **granted** as to Claims 7B, 8B, 9, and 10 to the extent that Plaintiff seeks monetary relief, and that these claims be **dismissed with prejudice**.   *See Reynoldson*, 907 F.2d at 127.

### 2.     Declaratory Relief

#### a.     Excessive Force Relating to the May 3, 2017 Incident

To the extent that Plaintiff seeks declaratory relief, even viewing the operative complaint in the light most favorable to Plaintiff, Plaintiff has failed to allege specific facts showing that Defendants' denial of a wheelchair constitutes excessive force in violation

–18–

of the Eighth Amendment, as discussed above in Section III.B.1.a.

Accordingly, the Court **recommends** that the Motion [#67] be **granted** to the extent that Claims 5, 6, and 7A be **dismissed with prejudice** to the extent that Plaintiff seeks declaratory relief.   *See Reynoldson*, 907 F.2d at 127.

### b.     Excessive Force Relating to the May 26, 2017 Incident

To the extent that Plaintiff seeks declaratory relief, Plaintiff has failed to allege specific facts showing that Defendants utilized excessive force in violation of the Eighth Amendment, as discussed above in Section III.B.1.b.

Accordingly, the Court **recommends** that the Motion [#67] be **granted** to the extent that Claims 7B, 8B, 9, and 10 be **dismissed with prejudice** to the extent that Plaintiff seeks declaratory relief.   *See Reynoldson*, 907 F.2d at 127.

### C.     Doe Defendants

Plaintiff proceeds in forma pauperis in this matter.   *Order* [#4].   Pursuant to 28 U.S.C. § 1915(e)(2) regarding proceedings in forma pauperis, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . ."   Thus, although the Motion [#67] is not asserted on behalf of the six Doe Defendants in this case, the Court may, pursuant to 28 U.S.C. § 1915(e)(2), examine whether Plaintiff has stated a claim against them.

To the extent Plaintiff asserts Fourteenth Amendment claims against the Doe Defendants, the Court **recommends** that such claims be **dismissed with prejudice** for the same reasons discussed in Section III.A. above.

–19–

Claim 8A is asserted against John Doe 3 concerning the May 3, 2017 incident. For the same reasons provided in Section III.B.1.a. (monetary relief) and Section III.B.2.a. (non-monetary relief), the Court finds that Plaintiff has failed to state a claim against John Doe 3, and therefore respectfully **recommends** that Claim 8A be **dismissed with prejudice**.

Claim 11 is asserted against John Doe 4 concerning the May 26, 2017 incident. For the same reasons provided in Section III.B.1.b. (monetary relief) and Section III.B.2.b. (non-monetary relief), the Court finds that Plaintiff has failed to state a claim against John Doe 4, and therefore respectfully **recommends** that Claim 11 be **dismissed with prejudice**.

Claims 1 through 4 are asserted against Defendants John Doe 1, Jane Doe 1, Jane Doe 2, and John Doe 2, respectively, concerning the first incident, which occurred on April 26, 2017, when Plaintiff was transported by medical gurney from the LCF medical clinic to his cell by Defendants Jane Does 1 and 2 and John Does 1 and 2. *Rev. Third Am. Compl.* [#17] at 5. Plaintiff alleges that, on arrival at his cell, Defendants Jane Does 1 and 2 and John Does 1 and 2 ordered him to sit up and walk into his cell, to which Plaintiff replied that he was physically incapable of complying. *Id.* at 6. Defendants John Does 1 and 2 raised Plaintiff into an upright seated position and carried Plaintiff into his cell, depositing him into his cell bunk. *Id.* Specifically, Plaintiff states that John Doe 1 "shoved his hands underneath [Plaintiff's] back and forcefully raised [him] to a sitting position, shoved both of his hands and arms underneath both of [Plaintiff's] arms; tightly wrapping both of his arms around the mid-section of [Plaintiff's] body; locked both of his

hands behind [Plaintiff's] back; [s]natched [Plaintiff] off the medical gurney and physically dragged [him] into his cell . . . ."  *Id.*  The other three Defendants "stood idly by" and did not prevent Defendant John Doe 1's actions.  *See, e.g.*, *id.* at 10.

Again, a plaintiff asserting an excessive force claim arising out of the Eighth Amendment must show that (1) the alleged wrongdoing was objectively harmful enough to establish a constitutional violation; and (2) the defendants acted with a sufficiently culpable state of mind.  *Redmond*, 882 F.3d at 936.  The objective component is "contextual and responsive to contemporary standards of decency."  *Hudson*, 503 U.S. at 5-6.  "[The] Eighth amendment [ ] protects against cruel and unusual force, not merely cruel and unusual force that results in sufficient injury."  *United States v. LaVallee*, 429 F.3d 670, 688 (10th Cir. 2006).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.  "De minimis applications of force are necessarily excluded from the cruel and unusual punishment inquiry." *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

With respect to the objective prong, Plaintiff fails to allege that Defendants exerted more than de minimis force against him.  As Defendants previously pointed out, "moving Plaintiff . . . by lifting under his arms is by nature cumbersome and awkward.  But it is not disputed that Plaintiff needed to return to his cell . . . it was incumbent on the staff to physically move Plaintiff."  *Reply* [#107] at 8.  Plaintiff does not allege facts demonstrating that the force Defendants utilized during the transfer was of a nature repugnant to mankind.  In short, Plaintiff's allegations of de minimis force fail to sufficiently allege a constitutional violation.

Thus, the Court respectfully **recommends** that Plaintiff's claims against Defendants Jane Does 1 and 2 and John Does 1 and 2 be **dismissed with prejudice**. *See Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012) (affirming dismissal of claims against Doe defendants).

## IV.   Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#67] be **GRANTED** and that Claims 5, 6, 7A, 7B, 8B, 9, and 10 be **DISMISSED with prejudice**.

IT IS FURTHER **RECOMMENDED** sua sponte that the claims against the Doe Defendants, i.e., Claims 1, 2, 3, 4, 8A, and 11, be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: August 12, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge