IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01046-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

MATTHEW WARGO, Correctional Lieutenant,
TREVIS MARLAR, Correctional Lieutenant,
ERIC MITCHELL, Correctional Lieutenant,
ANNE M. BARNETT, Correctional Sergeant,
WADE KELLY, Correctional Officer, and
ANTONIO BARRETT, Correctional Officer,
JANE DOE 1, Correctional Nurse,
JANE DOE 2, Correctional Nurse,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Correctional Officer,
JOHN DOE 3, Correctional Officer, and
JOHN DOE 4, Correctional Officer,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 135], filed on August 12, 2021. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 135 at 22; *see also* 28 U.S.C. § 636(b)(1)(C).

The Recommendation was mailed to plaintiff in prison on August 12, 2021. However, plaintiff was released from prison on July 29, 2021 and placed on state parole; on August 5, 2021 and August 9, 2021, plaintiff filed motions regarding gaining

access to the Court's electronic filing system, CM/ECF. See Docket Nos. 129, 131, 133. Plaintiff stated that he was in the hospital and did not have a mailing address. Docket No. 131. On August 18, 2021, the Court denied plaintiff's motions requesting CM/ECF access and instructed him to complete the application with the Clerk of Court if he wished to gain access to the system. Docket No. 137 at 2. The Court additionally noted that a member of the Court's staff spoke with plaintiff's parole officer, who indicated that she could receive mail on plaintiff's behalf. Id. Accordingly, the Court updated plaintiff's address to that of his parole officer and directed the Clerk to mail a copy of the magistrate judge's recommendation to plaintiff's parole officer, which the Clerk did on August 18, 2021. Id. On August 23, 2021, plaintiff filed a motion for a thirty-five day extension of time to file an objection to the magistrate judge's recommendation. Docket No. 138. On August 24, 2021, the Court granted the extension in part and ordered plaintiff to file any objection on or before September 1, 2021, Docket No. 139, fourteen days after the mailing of the recommendation to plaintiff's parole officer. Plaintiff did not file an objection by this date.

On September 7, 2021, plaintiff filed a motion requesting an additional fourteen day extension of time to file an objection, up to and including September 15, 2021. Docket No. 141. Plaintiff stated that he did not receive the Court's August 24, 2021 order granting him an extension of time until September 1, 2021 before the deadline had passed.[1] Id. at 1-2. Plaintiff stated that on September 2, 2021 he contacted the Court to learn the status of his motion for a thirty-five day extension of time, and it was

---

[1] Plaintiff mistakenly states that order granted him until September 2, 2021 to file an objection. See Docket No. 141 at 2.

only then that he learned that the Court had set a deadline of September 1, 2021. *Id.* at 2. Plaintiff did not explain the delay between learning of the deadline on September 2 and filing another motion for an extension of time on September 7. *See id.* However, the Court granted plaintiff an additional extension of time on September 9, 2021. Docket No. 142. The Court stated that plaintiff's objection "must be **RECEIVED** by the Clerk's Office on or before **September 15, 2021**. This deadline will be strictly construed."[2] *Id*; *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("[P]ro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks and citation omitted)). The Clerk's Office did not receive an objection on or before September 15, 2021. Plaintiff learned of the magistrate judge's recommendation on August 21, 2021. Docket No. 138 at 2, ¶ 3. The Court has granted plaintiff two extensions of time, Docket Nos. 139, 142, giving him twenty five days from the date he learned of the recommendation to file an objection. However, plaintiff did not file an objection by the September 15 deadline.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

---

[2] When plaintiff was a prisoner, he filed his motions by mailing them to the Court. Since plaintiff has been released from prison, he has filed his motions by emailing them to the Court; the Clerk's Office then uploads them to the Court's docket. *See, e.g.*, Docket No. 138 at 3. These filings are marked with the date and time they are received. *See, e.g., id.* at 1.

neither party objects to those findings."). In this matter, the Court has reviewed the Recommendations to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

> **ORDERED** as follows:
>
> 1. The Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 135] is **ACCEPTED**;
>
> 2. Defendants' Motion to Dismiss Plaintiff's Revised Third Amended Complaint [Doc. No. 17] Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 67] is **GRANTED**;
>
> 3. Claims 1, 2, 3, 4, 5, 6, 7A, 7B, 8A, 8B, 9, 10, and 11 are **DISMISSED with prejudice**;[4] and

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[4] The Court follows the same numbering of the claims as the magistrate judge. *See* Docket No. 135 at 2 n.3.

4. This case is closed.

DATED September 16, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge