IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01046-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

MATTHEW WARGO, Correctional Lieutenant,
TREVIS MARLAR, Correctional Lieutenant,
ERIC MITCHELL, Correctional Lieutenant,
ANNE M. BARNETT, Correctional Sergeant,
WADE KELLY, Correctional Officer, and
ANTONIO BARRETT, Correctional Officer,
JANE DOE 1, Correctional Nurse,
JANE DOE 2, Correctional Nurse,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Correctional Officer,
JOHN DOE 3, Correctional Officer, and
JOHN DOE 4, Correctional Officer,

    Defendants.

# ORDER

This matter is before the Court on the Plaintiff's Emergency Motion Requesting 5-Day Extension of Time to Physically Recover and File Reply to Recommendation [Docket No. 146] and Plaintiff's Reply in Opposition to Recommendation [ECF 135] by United States Magistrate Judge as to Claims 9, 10, 11, 12, 13 [Docket Nos. 147, 148].[1]

---

[1] There are two identical docket entries for this document. *Compare* Docket No. 147, *with* Docket No. 148. The Court will reference the first filed one, Docket No. 147, throughout this order.

**I. BACKGROUND**

On August 12, 2021 United States Magistrate Judge Kristen L. Mix issued a Recommendation that the Court dismiss all the claims in the complaint. Docket No. 135 at 22. The Recommendation stated that objections to the Recommendation must be filed within fourteen days after its service on the parties. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

The Recommendation was mailed to plaintiff's listed address at the Colorado Territorial Correctional Facility ("CTCF") in Cañon City, Colorado on August 12, 2021. However, plaintiff had been released from prison on July 29, 2021 and placed on state parole. Plaintiff failed to notify the Court of his change of address as required by Local Rule. *See* D.C.COLO.LCivR 5.1(c). On August 5, 2021 and August 9, 2021, plaintiff filed motions to allow him to be able to file motions via the Court's electronic filing system, CM/ECF. *See* Docket Nos. 129, 131, 133. Plaintiff stated that he was in the hospital and did not have a mailing address. Docket No. 131. On August 18, 2021, the Court denied plaintiff's motions requesting CM/ECF access and instructed him to complete a CM/ECF application with the Clerk of Court if he wished to gain access to the system. Docket No. 137 at 2. The Court additionally noted that a member of the Court's staff spoke with plaintiff's parole officer, who indicated that the parole officer could receive mail on plaintiff's behalf. *Id*. Accordingly, because plaintiff was unable to send or receive mail from the hospital and had not received the magistrate judge's recommendation, which was mailed to CTCF after plaintiff was released and returned as undeliverable, Docket No. 140, the Court updated plaintiff's address to that of his

2

parole officer and directed the Clerk to mail a copy of the magistrate judge's recommendation to plaintiff's parole officer, which the Clerk did on August 18, 2021. *Id.*

On August 23, 2021, plaintiff filed a motion for a thirty-five day extension of time to file an objection to the magistrate judge's recommendation. Docket No. 138. On August 24, 2021, the Court granted the extension in part and ordered plaintiff to file any objection on or before September 1, 2021, Docket No. 139, fourteen days after the mailing of the recommendation to plaintiff's parole officer.[2] Plaintiff did not file an objection by that date.

On September 7, 2021, plaintiff filed a motion requesting an additional fourteen-day extension of time to file an objection, up to and including September 15, 2021. Docket No. 141. Plaintiff stated that he did not receive the Court's August 24, 2021 order granting him an extension of time until after the September 1, 2021 deadline had passed.[3] *Id.* at 1-2. Plaintiff stated that, on September 2, 2021, he contacted the Court to learn the status of his motion for a thirty-five day extension of time, and it was only then that he learned that the Court had set a deadline of September 1, 2021. *Id.* at 2.

---

[2] Federal Rule of Civil Procedure (b)(2) provides, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections." Service of a recommendation is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address – in which event service is complete upon mailing."); *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished) (holding that "mailings constituted effective service" of recommendation under Fed. R. Civ. P. 5(b)(2)(C)).

[3] Plaintiff mistakenly states that order granted him until September 2, 2021 to file an objection. *See* Docket No. 141 at 2.

3

Plaintiff did not explain the delay between learning of the deadline on September 2 and filing another motion for an extension of time on September 7. *See id.* However, the Court granted plaintiff an additional extension of time on September 9, 2021. Docket No. 142. The Court stated that plaintiff's objection "must be **RECEIVED** by the Clerk's Office on or before **September 15, 2021**. This deadline will be strictly construed. . . . No extensions of time will be permitted."[4] *Id.* The Clerk's Office did not receive an objection on or before September 15, 2021. Plaintiff learned of the magistrate judge's recommendation on August 21, 2021. Docket No. 138 at 2, ¶ 3. The Court granted plaintiff two extensions of time, Docket Nos. 139, 142, giving him twenty-five days from the date he learned of the recommendation to file an objection. However, plaintiff did not file an objection by the September 15 deadline.

On September 16, 2021, the Court accepted the recommendation of the magistrate judge and closed the case. Docket No. 143. Final judgment entered the same day. Docket No. 145.

On September 17, 2021, plaintiff filed an additional motion seeking a five-day extension of time, up to and including September 20, 2021, to file an objection. Docket No. 146. As cause, plaintiff states that he was rushed to the hospital on September 15, 2021. *Id.* at 1. He attaches the notes of his licensed clinical social worker indicating that plaintiff had been disoriented and had gone to the hospital on September 15, 2021.

---

[4] When plaintiff was a prisoner, he filed his motions by mailing them to the Court. Since plaintiff has been released from prison, he has filed his motions by emailing them to the Court; the Clerk's Office then uploads them to the Court's docket. *See, e.g.*, Docket No. 138 at 3. These filings are marked with the date and time they are received. *See, e.g., id.* at 1.

*Id.* at 4. On September 21, 2021, plaintiff filed an objection to the magistrate judge's recommendation. Docket No. 147. Plaintiff states that his objection was due September 20, 2021, but the internet at the location he was staying kept going down and the objection "will be up-loaded as soon as the internet services connection become stable with Mr. Sessions Lap top [sic]." *Id.* at 18.

## II. ANALYSIS

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)).

### A. Notification of Time Period to Object

The recommendation advised plaintiff of the deadline to respond and informed plaintiff that a failure to timely object would waive *de novo* review of the recommendation. Docket No. 135 at 22. Additionally, the Court granted plaintiff two extensions of time, Docket Nos. 139, 142, both of which he failed to comply with.

Although plaintiff asserts that he did not receive the Court's orders regarding his extension requests, in another of plaintiff's cases, the Court explained that, a "[p]laintiff is not entitled to presume that the Court will grant every motion for extension of time that he requests or that, if the Court finds good cause, the extension will be for as much time as he requested." *Session v. Franco*, 19-cv-03161-PAB-KLM, 2021 WL 4398599, at *6 (D. Colo. Sept. 27, 2021) (citing *Vreeland v. Schwartz*, 2021 WL 2946465, at *9 (10th Cir. 2021) ("[p]ro se parties [must] follow the same rules of procedure that govern other litigants")). Thus, because plaintiff was advised of the consequences of filing his objections late, yet acted on the mistaken assumption that the Court would grant each of his extension requests, the first exception to the Tenth Circuit's "firm waiver rule" does not apply so as to require *de novo* review.

### B. Interests of Justice

When considering whether the interests of justice warrant review, the Tenth Circuit considers "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff stated that he initially missed the September 1, 2021 deadline because he did not received the Court's order granting in part and denying in part his motion for a thirty-five day extension of time. Docket No. 141 at 1-2. As noted above, however, plaintiff did not explain the delay between September 2, 2021, when he learned the deadline was September 1, 2021, and September 7, 2021, when he filed a motion by email asking for

6

an extension of time. *See id.* Nevertheless, the Court granted him an additional extension of time with the admonition that there would be no further extensions and that his objection must be received by the Clerk's Office on or before September 15, 2021. Docket No. 142. On September 17, 2021, plaintiff filed a motion asking for an additional five days, until September 20, 2021 because he had gone to the hospital on September 15, 2021. Docket No. 146. However, plaintiff failed to meet even this self-imposed deadline and did not file his objection until September 21, 2021 because of spotty internet connections. Docket No. 148 at 18.

The Court has granted plaintiff several opportunities to comply with the deadlines, but for various reasons plaintiff has come up short. The Court is cognizant that plaintiff has been recently released from prison and has health issues; however, as noted previously, "[p]ro se parties must follow the same rules of procedure that govern other litigants," *Vreeland*, 2021 WL 2946465, at *9, and a party is not entitled to presume that extensions will be granted as requested. *See Session*, 2021 WL 4398599, at *6. The Court finds that plaintiff's efforts to comply and the "force and plausibility" of the explanation for his failure to comply do not warrant an exception from the firm waiver rule. *See Morales-Fernandez*, 418 F.3d at 1120.

The Tenth Circuit has stated that, "[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error." *Duffield*, 545 F.3d at 1238 (quoting *Morales-Fernandez*, 418 F.3d at 1120). Therefore, the Court will consider the importance of the issues raised in the context of determining whether the

magistrate judge committed plain error. *See Craighead v. Bear*, 717 F. App'x 815, 819 (10th Cir. 2017) (unpublished) (noting that the "importance of the issue raised" is determined by an analysis similar to plain error review).

### C. Plain Error

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016).

Plaintiff alleges that he suffered from three instances of excessive force in violation of the Eighth Amendment while he was incarcerated at the Limon Correctional Facility ("LCF"). Docket No. 17 at 1. Defendants, employees of the Colorado Department of Corrections, all worked at LCF, and plaintiff alleges that they were involved in these instances. *Id.* The first instance occurred when Jane Does 1 and 2 and John Does 1 and 2 transported plaintiff by medical gurney from the LCF medical clinic to his cell. *Id.* at 5. Plaintiff alleges that these defendants ordered plaintiff to sit up from the gurney and walk into his cell, which plaintiff said he was physically incapable of doing. *Id.* at 6. Plaintiff claims that defendant John Doe 1 then raised plaintiff into a seated position and carried plaintiff to his bunk, while the other

defendants failed to intervene. *Id.* The second incident occurred when defendant Trevis Marlar did not allow plaintiff to use a wheelchair to get from plaintiff's cell to a LCF conference room, causing plaintiff to have to drag himself thirty feet on the floor. *Id.* at 11. Plaintiff claims that defendants Marlar, Eric Mitchell, Anne M. Barnett, and John Doe 3 ignored his requests for help. *Id.* The third incident occurred when defendants Wade Kelly, Antonio Barrett, and John Doe 4 transferred plaintiff from his wheelchair to a security chair and transported him to his cell. *Id.* at 18, 25.

Plaintiff's claims 1 through 4 pertain to the first incident and are asserted against Jane Does 1 and 2 and John Does 1 and 2. *Id.* at 5–9. Claims 5 through 8A concern the second incident. *Id.* at 11–15. Claims 6, 7A, and 8A allege that Mitchell, Barnett, and John Doe 3, respectively, failed to intervene to prevent the use of excessive force by Marlar. *Id.* at 12–15. Claims 7B and 8B assert that Kelly and Barrett, respectively, used excessive force in violation of the Eighth and Fourteenth Amendments. *Id.* at 16–19. Claims 9 through 11 assert that Matthew Wargo, Barnett, and John Doe 4 failed to intervene to prevent the use of excessive force by Kelly. *Id.* at 22–26.

Plaintiff does not object to the magistrate judge's recommendation to dismiss claims 1, 2, 3, 4, 5, 6, 7A, and 8A.[5] Plaintiff raises four objections, each with multiple arguments regarding the other claims. First, plaintiff claims that the magistrate judge

---

[5] Plaintiff's complaint misnumbers some claims, with two claims labeled as claim 7 and two claims labeled as claim 8. *See* Docket No. 17 at 16–23. The Court follows the labeling of the claims by the magistrate judge, wherein the first claim 7 is claim 7A, the second claim 7 is claim 7B, and the same is true for the two claim 8s. *See* Docket No. 135 at 2 n.3. Plaintiff does not follow this numbering, instead referring to claim 7B as claim 9, claim 8B as claim 10, claim 9 as claim 11, claim 10 as claim 12, and claim 11 as claim 13. *See* Docket No. 147 at 3.

9

erred in dismissing claims 5 through 11 to the extent they were based on the Fourteenth Amendment because (a) of the reasons given in his prior filings; (b) neither defendants nor the magistrate judge objected to plaintiff's caselaw in his response to defendants' motion to dismiss; (c) the magistrate judge *sua sponte* raised the Fourteenth Amendment issue; (d) defendants Kelly, Barrett, Wargo, Barnett, and John Doe 4 are being sued in their individual and official capacities; (e) defendants Kelly, Barrett, Wargo, Barnett, and John Doe 4 violated CDOC's excessive force policy, Colo. Rev. Stat. §§ 17-1-103(a.5), 18-1-703(1)(b), and the American Correctional Association standards; and (f) the magistrate judge's cite to *Porro v. Barnes*, 624 F.3d 1322 (10th Cir. 2010) is misplaced. Docket No. 147 at 6–11.

Plaintiff's second objection is to the magistrate judge's conclusion that he failed to state an Eighth Amendment violation in claims 7B, 8B, 9, and 10. *Id.* at 12. Plaintiff argues the magistrate judge erred because (a) of the arguments he raised in prior filings; (b) neither defendants nor the magistrate judge objected to plaintiff's caselaw in his response to defendants' motion to dismiss; (c) the magistrate judge did not use the proper analytical framework; and (d) Rule 8(a) only requires a short, plain statement of the claims against defendants. *Id.* at 11–15.

Third, plaintiff argues that he has a Fourteenth Amendment claim that is based on a failure to prevent excessive force during his incarceration at LCF independent of his Eighth Amendment claim. He objects to the magistrate judge's recommendation because (a) of the arguments he raised in prior filings; (b) neither defendants nor the magistrate judge objected to plaintiff's caselaw in his response to defendants' motion to dismiss; (c) the magistrate judge *sua sponte* raised the Fourteenth Amendment issue;

and (d) defendants Wargo, Barnett, and John Doe 4 were the proximate cause of unnecessary and excessive force. *Id.* at 14–15.

Fourth, plaintiff argues that he stated Eighth Amendment claims based on failure to intervene against Wargo, Barnett, and John Doe 4 and that the magistrate judge erred in recommending their dismissal because (a) of the arguments he raised in prior filings; (b) neither defendants nor the magistrate judge objected to plaintiff's caselaw in his response to defendants' motion to dismiss; (c) the magistrate judge *sua sponte* raised the Eighth Amendment issue; and (d) defendants Wargo, Barnett, and John Doe 4 were the proximate cause of unnecessary and excessive force by failing to intervene. *Id.* at 16–17.

Plaintiff's arguments in (a) and (b) of each objection raise no grounds on which to find plain error. In objection (a), plaintiff relies on the reasoning he gave in his previous filings. Objection (a) is not specific because it does not enable the Court to focus "attention on the factual and legal issues that are truly in dispute." *See 2121 E. 30th St.*, 73 F.3d at 1059–61 (citing *Lockert v. Faulkner*, 843 F.2d at 1019 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")). In the absence of a specific objection, the Court reviews for "clear error on the face of the record," Fed. R. Civ. P. 72(b), Advisory Committee Notes. Finding none, the Court concludes that this portion of the recommendation is a correct application of the facts and the law.

In objection (b), plaintiff argues that neither defendants nor the magistrate judge objected to plaintiff's caselaw in his response to defendants' motion to dismiss. This

11

objection is also not specific, *see 2121 E. 30th St.*, 73 F.3d at 1059–61, and it is not clear when the magistrate judge would have done so other than in the recommendation. The Court finds no clear error in the magistrate judge not considering plaintiff's arguments before then. And, even if plaintiff is correct that defendants did not address plaintiff's case citations in their reply, *see* Docket No. 107, the Court does not find that defendants have conceded their motion to dismiss. To the extent plaintiff's argument is that the magistrate judge erred in conducting a review of plaintiff's response in the absence of defendants raising such concerns in their reply, the Court finds this argument without merit.

Additionally, plaintiff's argument denoted as (c) in objections one, three, and four, that the magistrate judge improperly *sua sponte* determined whether plaintiff's Fourteenth and Eighth Amendment claims could proceed, is misplaced. As the magistrate judge noted in her recommendation, "[p]ursuant to 28 U.S.C. § 1915(e)(2) regarding proceedings in forma pauperis, '[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted.'" Docket No. 135 at 19 (quoting 28 U.S.C. § 1915(e)(2)).

The remainder of plaintiff's arguments in his first objection are unavailing. The magistrate judge relied on *Porro*, 624 F.3d at 1324–25, in finding that plaintiff's claims arose under the Eighth Amendment, not the Fourteenth Amendment. Docket No. 135 at 8–9. Plaintiff argues that *Porro* arose in different circumstances. Docket No. 147 at 11. While that is true, *Porro* discussed which amendment applies at which stage of

criminal proceedings, and stated that excessive force claims for prisoners already convicted of a crime proceed under the Eighth Amendment. 624 F.3d at 1325–26. Plaintiff objects that he brings official capacity claims. Docket 147 at 8. Plaintiff's complaint states that each defendant is being sued in his or her individual capacity, *see* Docket No. 17 at 1–5, and simply stating in his objection that they are being sued in their official capacities is insufficient. Plaintiff cites *Sandin v. Conner*, 515 U.S. 472, 484 (1995), to argue that defendants violated his procedural due process rights by using excessive force in contravention of CDOC policy, Colorado law, and the American Correctional Association standards. Docket No. 147 at 8. In *Sandin*, the Supreme Court held that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 483–84 (internal citations omitted). Plaintiff identifies no cases applying *Sandin* to find a protected liberty interest for a convicted prisoner in being free from excessive force. *See* Docket No. 147 at 9 (citing *Stearns v. Clarkson*, 615 F.3d 1278, 1282, 1286 (10th Cir. 2010) (alleging violations of Fourth Amendment right to be free from unreasonable search and seizure), and *Foote v. Spiegel*, 118 F.3d 1416, 1425 (10th Cir. 1997) (alleging traffic stop, roadside detention, arrest, search of vehicle, and strip search violated plaintiff's constitutional rights)). Accordingly, the Court finds no plain error in the magistrate

judge's recommendation to dismiss plaintiff's claims 5 through 11 to the extent they are based on the Fourteenth Amendment.

The remaining arguments in plaintiff's second objection are that (c) the magistrate judge did not use the proper analytical framework; and (d) Rule 8(a) only requires a short, plain statement of the claims against defendants.  Docket No. 147 at 12–15.  The magistrate judge analyzed plaintiff's claims under the standard set forth in Tenth Circuit precedent, *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018), rendering inapposite plaintiff's argument that the magistrate judge used the wrong standard.  Plaintiff argues that United States Magistrate Judge Gordon P. Gallagher's conclusion that plaintiff's complaint was inappropriate for summary dismissal shows that his complaint is sufficient to survive a motion to dismiss.  *See* Docket No. 147 at 13.  This argument is irrelevant because plaintiff must meet his burden in light of defendants' assertion of qualified immunity, which Judge Gallagher did not consider.  Accordingly, the Court finds no plain error.

The remaining argument in plaintiff's third and fourth objection is that (d) defendants Wargo, Barnett, and John Doe 4 were the proximate cause of unnecessary and excessive force and failed to intervene.  *Id.* at 15.  The Court has reviewed the magistrate judge's recommendation and finds no error that is "clear or obvious under current, well-settled law."  *Fed. Deposit Ins. Corp.*, 840 F.3d at 1172.  The Court will overrule those objections.

Even if the Court were to conduct *de novo* review of the recommendation, the Court would agree with the magistrate judge's recommendation in all respects.  First,

the Court would find that plaintiff's Fourteenth Amendment claims must be dismissed because the events giving rise to those claims occurred after his arrest and conviction and therefore must be brought under the Eighth Amendment. *Porro*, 624 F.3d at 1325–26. Second, the Court would find that plaintiff failed to allege a constitutional violation and, therefore, that defendants are entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231–36 (2009). Third, because plaintiff has not shown that the alleged use of excessive force was unconstitutional, the Court would dismiss plaintiff's declaratory judgment claims, as well as his claims against the Doe defendants.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's Emergency Motion Requesting 5-Day Extension of Time fo Physically Recover and File Reply to Recommendation [Docket No. 146] ] is **DENIED**. It is further

**ORDERED** that Plaintiff's Reply in Opposition to Recommendation [ECF 135] by United States Magistrate Judge as to Claims 9, 10, 11, 12, 13 [Docket Nos. 147, 148] is **OVERRULED**.

DATED November 29, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge