IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01046-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

MATTHEW WARGO, Correctional Lieutenant,
TREVIS MARLAR, Correctional Lieutenant,
ERIC MITCHELL, Correctional Lieutenant,
ANNE M. BARNETT, Correctional Sergeant,
WADE KELLY, Correctional Officer, and
ANTONIO BARRETT, Correctional Officer,
JANE DOE 1, Correctional Nurse,
JANE DOE 2, Correctional Nurse,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Correctional Officer,
JOHN DOE 3, Correctional Officer, and
JOHN DOE 4, Correctional Officer,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion of Excusable Neglect in Missing the September 20, 2021 Filing Deadline, Notice of Appeal Deadline, and Leave to File Notice of Appeal [Docket No. 150]. Defendants responded to plaintiff's motion. Docket No. 154. Plaintiff replied. Docket No. 158.

The Court assumes the parties' familiarity with the background facts of this case, which are set forth in Magistrate Judge Kristen L. Mix's recommendation, Docket No. 135, and the Court's previous orders, Docket Nos. 143, 149, and will not be repeated here except as necessary to resolve plaintiff's motion.

On August 12, 2021, Magistrate Judge Mix issued a recommendation for the Court to dismiss all of plaintiff's claims. Docket No. 135 at 22. The recommendation stated that objections to it must be filed within 14 days of its service on the parties. *Id.* The recommendation was mailed to plaintiff's address at the Colorado Territorial Correctional Facility ("CTCF") in Cañon City, Colorado on August 12, 2021. However, plaintiff had been released from CTCF on July 29, 2021 and placed on state parole. Plaintiff failed to notify the Court of his change of address as required by Local Rule. *See* D.C.COLO.LCivR 5.1(c). However, plaintiff's parole officer indicated that she could receive mail on plaintiff's behalf. *See* Docket No. 137 at 2. The Clerk of Court mailed a copy of the magistrate judge's recommendation to plaintiff's parole officer on August 18, 2021.[1]

On August 23, 2021, plaintiff requested a 35-day extension to object to the recommendation. Docket No. 138. The Court granted the motion and provided plaintiff until September 1, 2021 to object. Docket No. 139. Plaintiff did not object by that time. Instead, on September 7, 2021, plaintiff requested an additional 14 days, up to and including September 15, 2021. Docket No. 141. The Court provided him until September 15, 2021. Docket No. 142. Plaintiff did not timely object. The Court accepted the magistrate judge's recommendation on September 16, 2021, Docket No. 143, and entered final judgment the same day. Docket No. 145. On September 17, 2021, plaintiff sought five more days to object, up to and including September 20, 2021.

---

[1] Plaintiff now objects to the Court sending mail to his parole officer. Docket No. 150 at 2. However, plaintiff did not previously object, and he has not provided another address as the Local Rules require.

Docket No. 146.  Plaintiff filed objections on September 21, 2021.  Docket No. 147.

The Court found that the "firm waiver rule," which states that "[t]he failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions," *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)), precluded *de novo* review of the magistrate judge's recommendation.  Docket No. 149 at 5–6.  The Court then reviewed the recommendation, in light of plaintiff's objections, for plain error.  *Id.* at 6–15.  Finding no plain error, the Court overruled plaintiff's objections.  *Id.* at 15.

Plaintiff now claims "excusable neglect" for failing to comply with the September 20, 2021 objection deadline.  Docket No. 150 at 1.  Plaintiff explains that he was unable to meet that deadline because he was recently released from prison, is homeless, blind, and disabled, and lacks reliable internet access.  *Id.* at 2–3.  He also asks for relief under Rule 60(b)(1), which provides for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect."  *Id.*; Fed. R. Civ. P. 60(b)(1).  The Court, however, previously considered the substance of plaintiff's objections, even though they were submitted after the objection deadline.  *See generally* Docket No. 149.  Therefore, even if the Court finds excusable neglect in plaintiff's failure to meet the September 20, 2021 deadline, plaintiff's request is moot.

Plaintiff also asks for an extension to file a notice of appeal.  Docket No. 150 at 1, 4.  The timeline for filing a notice of appeal in a civil case is governed by Federal Rule of Appellate Procedure 4(a), which states that the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P.

3

4(a)(1)(A).  The rule includes two exceptions.  *Id.*  The first exception is not relevant because it concerns appeals if one of the parties is the United States or its officer or employee.  *See* Fed. R. App. P. 4(a)(1)(B).  The second exception stays the appeal deadline while the district court rules on certain timely-filed motions.  *See* Fed. R. App. 4(a)(4).  The motions that stay the appeal deadline are listed in Rule 4(a)(4)(A).  They are:

>   (i) for judgment under Rule 50(b);
>
>   (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
>   (iii) for attorneys fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
>   (iv) to alter or amend the judgment under Rule 59;
>
>   (v) for a new trial under Rule 59; or
>
>   (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A).  Plaintiff did not file any such motion and, even if his September 2021 motion and objections, *see* Docket Nos. 146, 147, 148, fell under Rule 4(a)(4)(A), which they do not, that rule states that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Therefore, the 30-day timeline from Rule 4(a)(1)(A) would have begun on November 29, 2021, when the Court overruled plaintiff's objections, and would have expired on December 29, 2021.[2]

---

[2] Plaintiff's present motion cites Rule 60(b)(1).  Docket No. 150 at 2.  However, plaintiff's motion was due within 28 days after judgment, i.e., October 14, 2021, in order to stay the appeal deadline.  *See* Fed. R. App. 4(a)(4)(A)(vi).

4

A party may seek an extension to file a notice of appeal pursuant to Rule 4(a)(5)(A), which states that "[t]he district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Plaintiff's "time prescribed" under Rule 4(a)(5)(A) expired on October 18, 2021, which is 30 days after the Court entered judgment on September 16, 2021. *See* Docket Nos. 144, 145. Regardless of whether plaintiff has established excusable neglect or good cause under Rule 4(a)(5)(A)(ii), he must have sought an extension within 30 days after October 18, 2021 as required by Rule 4(a)(5)(A)(i). Because plaintiff did not seek an extension within 30 days after that date, i.e., by November 17, 2021, the Court may not grant his request.

Finally, Federal Rule of Appellate Procedure 4(a)(6) provides for "reopen[ing] the time to file an appeal" for 14 days if: (A) the court finds that the movant did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment within 21 days after entry, i.e., October 7, 2021 in this case; (B) the motion is filed within 180 days after the judgment is entered or within 14 days after the movant receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced. Plaintiff provides no argument under Rule 4(a)(6), and the Court does not find that it applies, as there is no indication that he did not receive notice of the entry of judgment by October 7, 2021. Even if plaintiff did

5

not receive notice of judgment until November 11, 2021, when he says a home care aid visited him and read his mail to him, Docket No. 150 at 2, plaintiff did not file his motion within 14 days of November 11, 2021, and it therefore cannot reopen the time to appeal.

Wherefore, it is

**ORDERED** that Plaintiff's Motion of Excusable Neglect in Missing the September 20, 2021 Filing Deadline, Notice of Appeal Deadline, and Leave to File Notice of Appeal [Docket No. 150] is **DENIED**.

DATED August 25, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge